Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>FULANO Y FULANA DE TAL COMO POSIBLES TENEDORES DESCONOCIDOS DEL PAGARÉ<br><br>Recurridos | TA2025CE00834 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Caso Núm.: GB2025CV00716<br><br>Sobre: Cancelación o Restitución de Pagaré Extraviado |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de enero de 2026.

Comparece el Banco Popular de Puerto Rico, en adelante el Banco o peticionario, mediante recurso de Certiorari. En este nos solicita que se revoque cierta resolución interlocutoria emitida el 31 de octubre de 2025 por el Tribunal de Primera Instancia. Los hechos pertinentes para comprender nuestra determinación son los siguientes.

**I**

Alega el Banco que, anterior al caso que nos ocupa, presentó un caso relacionado, el caso civil número GB2023CV00266 de ejecución de hipoteca contra la señora Awilda Ortiz Colón t/c/c Awilda Teresa Ortiz Colón y Estados Unidos de América, en el Tribunal Superior de Guaynabo. Sostiene que el antedicho proceso civil culminó con la venta judicial de una propiedad a un tercero en la cual el pagaré fue cancelado al otorgar la escritura de venta judicial. Posteriormente, el Banco arguye que la venta judicial fue

declarada nula y el foro ordenó la restitución del pagaré cancelado mediante un pleito independiente.

Así las cosas, el Banco, aunque en desacuerdo con el dictamen del foro primario, presentó el pleito que nos ocupa, en sustitución de pagaré y como demandados incluyó a Fulano y Fulana de Tal como posibles tenedores desconocidos del pagaré. Puntualiza que en la demanda explicó el tracto procesal antes reseñado. No obstante, al solicitar el emplazamiento mediante edicto, el TPI determinó que procedía enmendar la demanda para incorporar la parte deudora, otorgante del pagaré. El Banco afirma que cuestionó en qué capacidad traería a la parte deudora, a lo cual el foro dispuso que era parte indispensable. Así sostiene que, a pesar de los argumentos en Derecho presentados por el Banco en contra de dicha postura, el 31 de octubre de 2025 el TPI concluyó que los deudores hipotecarios eran parte indispensable en una acción de sustitución de pagare.

Inconforme, el Banco sostiene que erro el TPI al determinar que en un proceso de sustitución de pagaré, cuyo paradero y tenedor se conocen, es necesario incluir a la deudora hipotecaria como parte indispensable a pesar de que la deudora hipotecaria nunca ha sido ni tenedora ni poseedora del pagaré.

**II**

El Tribunal Supremo de Puerto Rico estableció los criterios para la expedición de un Certiorari en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Nuestro máximo intérprete de la ley local definió, el C*ertiorari* como un mecanismo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. La opinión ratifica lo previamente expresado en *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Mc Neil Healthcare v. Mun. de Las Piedras I,* 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG,*

205 DPR 163, 174 (2020). La característica principal del Certiorari es la discreción que tiene el tribunal para atenderlo. La discreción ha sido definida reiteradamente como una forma de razonabilidad aplicada al discernimiento judicial. Su ejercicio persigue el objetivo de llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 210.

No obstante, la discreción del foro para expedir el recurso no es absoluta, sino que se guía por la regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, y por los preceptos de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. A tales efectos, la Regla 52.1 de Procedimiento Civil, supra, establece que el recurso de Certiorari solamente será expedido:

> ....

> [p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *Certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Por su parte, la Regla 40 de nuestro reglamento, 4 LPRA Ap. XXII-B, propone que a fin de que el Tribunal de Apelaciones pueda ejercer su discreción prudentemente, considere los siguientes

criterios al determinar si procede la expedición de un auto de Certiorari. El texto de la regla citada es el siguiente.

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de Certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, el permitir recurrir de diversas resoluciones no abona al desenvolvimiento lógico y funcional de los casos, porque interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016). Por otro lado, precisa puntualizar que la denegatoria a expedir un auto de certiorari no constituye una adjudicación en los méritos. Por el contrario, es el ejercicio discrecional que hace el foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

**III**

El Banco alega que el foro primario incidió al no permitir el emplazamiento por edicto, pues para este el deudor hipotecario de

un pagaré sin saldo no es parte indispensable en un pleito de restitución de pagaré a menos que sea el último tenedor de este.

El recurso omite la discusión de las razones por las cuales este foro debe intervenir al amparo de la regla 52.1 de Procedimiento Civil, *supra,* y la regla 40 del Reglamento del Tribunal de Apelaciones, supra.  No obstante, hemos examinado la controversia al margen de ambos preceptos y no encontramos criterio alguno que justifique nuestra intervención con la determinación recurrida por lo que denegamos el recurso.  Las circunstancias particulares de este caso no ameritan nuestra intervención en este momento.

**IV**

Por los fundamentos antes expuestos, se deniega el recurso presentado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones